FILED
JUN - 6 2008
USDC WP SDNY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
KENNETH COLE PRODUCTIONS (LIC), INC. and :
KENNETH COLE PRODUCTION, INC.          :
                                       :
    Plaintiff,                         :   Case No. 08-cv-5218
                                       :   ECF CASE
    v.                                 :
                                       :   JURY TRIAL DEMANDED
REACTION and MATTHEW CHO,              :
                                       :
    Defendant.                         :
---------------------------------------------------------------- X

JUDGE HELLERSTEIN

## COMPLAINT

Plaintiff, Kenneth Cole Productions (LIC), Inc. ("KCPL") and Kenneth Cole Productions, Inc. ("KCP" and collectively "Plaintiffs") by and through their attorneys, for their complaint against Defendants Reaction ("Reaction") and Matthew Cho ("Cho" and collectively "Defendants") hereby allege as follows:

### NATURE OF ACTION

1. In this action, Plaintiffs seek injunctive relief, lost profits, damages and attorneys' fees for Defendants' acts of trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and trademark infringement and dilution, deceptive acts and practices, injury to business reputation and dilution, and unfair competition under the common law and statutes of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. The actions of Defendants complained of in this Complaint have been and continue to be committed, at least in part, within the Southern District of New York.

4. Upon information and belief, Defendants contract to supply goods, and transact business in New York and within this judicial district, and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the sale and/or advertisement of Defendants' infringing goods, have been and continue to be committed, and have caused harm to Plaintiffs, within this judicial district. Accordingly, personal jurisdiction exists over Defendants pursuant to CPLR §§ 301 and 302.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Kenneth Cole Productions (LIC), Inc. is a corporation organized and existing under the laws of the Commonwealth of the Bahamas, with a place of business at Fourth Floor, Centreville House, 2nd Terrace, P.O. Box SS 6229, Nassau, Bahamas.

7. Kenneth Cole Productions, Inc. is a corporation organized and existing under the laws of the state of New York with offices at 603 West 50th Street, New York, NY 10019.

8. KCPL is the owner of all right, title and interest in and to the Reaction Trademarks (as defined below).

9. KCP is KCPL's exclusive licensee for the Reaction Trademarks (as defined below).

10. Upon information and belief, Defendant Reaction is a business organized and existing under the laws of the State of California, doing business as "Reaction," having its principal place of business at 1015 S. Crocker St. #S-15. Los Angeles, CA 90021.

11. Upon information and belief, Matthew Cho is an individual residing in California, doing business as Reaction.

## GENERAL ALLEGATIONS

12. Plaintiffs and their sub-licensees license, sub-license, manufacture and sell a wide variety of high-quality clothing, footwear, luggage, handbags, small leather goods, eyewear, jewelry, fragrances, watches, related goods, and other items (the "Goods").

13. KCPL is the owner of a family of "REACTION" trademarks, including REACTION, RXN, KENNETH COLE REACTION, REACTION KENNETH COLE, KENNETH COLE REACTION RXN, and REACTION KENNETH COLE (Stylized) trademarks (the "Reaction Trademarks") for use in connection with the Goods.

14. KCP is KCPL's exclusive licensee for the Reaction Trademarks.

15. Plaintiffs' licensees and sub-licensees have been using the Reaction Trademarks continuously in connection with their products in interstate commerce since at least as early as 1994; as such the Reaction Trademarks are currently in use.

16. In connection with the Reaction Trademarks, KCPL is the owner of the following United States Trademark Registrations (the "Reaction Registrations"):

| Trademark | Serial # | Reg. # | IC | Goods |
|---|---|---|---|---|
| REACTION | 75339869 | 2532363 | 9 | Eyeglasses |
| REACTION | 75339870 | 2189378 | 9 | Sunglasses |
| REACTION | 75108104 | 2345847 | 14, 25 | Jewelry and Watches<br><br>Clothing, namely, men's and women's socks and hosiery; men's neckwear; women's scarves; men's suits, sport-coats, dress slacks, casual slacks, jackets, coats, rainwear, dress shirts, knit shirts, woven sport-shirts, sweaters, denim jeans, underwear; women's suits, blouses, overcoats, rainwear, dress slacks, denim jeans, jackets, sweaters, underwear |
| REACTION | 75156743 | 2248481 | 25 | Footwear |
| REACTION | 75941836 | 2602004 | 35 | Retail store services featuring footwear, wearing apparel; luggage, handbags, small leather goods, business cases; eyewear; jewelry and watches; belts, scarves and neckwear; fragrances; accessories |
| REACTION | 75450061 | 2666727 | 18 | All purpose athletic bags, all purpose sport bags, attaché cases, briefcase-type cases, business card cases, calling card cases, credit card cases, document cases, key cases, overnight cases, toiletry cases sold empty, backpacks, baby backpacks, fanny packs, wrist packs, beach bags, book bags, school book bags, carry-on bags, clutch bags, diaper bags, duffel bags, leather shopping bags, mesh shopping bags, overnight bags, shoulder bags, textile shopping bags, tote bags, handbags, straps for handbags, travel bags, garment bags for travel, change purses, clutch purses, coin purses, key cases, key fobs (leather), knapsacks, luggage, straps of luggage and suitcases |
| KENNETH COLE | 78741595 | 3220801 | 14 | Jewelry, clocks and watches, watch straps and bracelets, key rings of |

| Trademark | Serial # | Reg. # | IC | Goods |
|---|---|---|---|---|
| REACTION | | | | precious metal, money clips of precious metal; wall clocks, table clocks, alarm clocks, clocks incorporating radios; decorative items for the home made of precious metal or coated therewith, namely, bowls, platters, serving trays, chargers, jugs, plates, mugs, vases, cache pots, ice buckets, canisters, pencil cups, letter openers, desk trays, serving trays, decorative trays, candlesticks, candelabras, candle holders, candle rings, candle snuffers, candle trays, decorative boxes, jewelry boxes, jewelry cases, picture frames, decorative stands, decorative pedestals, cigarette cases, cigarette boxes, cigarette holders, cigarette lighters, ashtrays, nutcrackers, coffee pots, coffee services, tea pots, tea services, tea balls, tea infusers, serviette rings, napkin rings; works of art made of precious metal or coated therewith, namely, busts, figurines, statues, statuettes, sculpture |
| KENNETH COLE REACTION | 75976921 | 2154344 | 9 | Sunglasses |
| KENNETH COLE REACTION | 75975998 | 2068076 | 18 | Handbags, tote bags, clutch bags, luggage, travelling bags, wallets, purses, coin purses, key cases, credit card cases and business card cases |
| KENNETH COLE REACTION | 74479246 | 1991610 | 25 | Footwear |
| KENNETH COLE REACTION | 75977562 | 2186930 | 25 | Clothing, namely, men's and women's socks and hosiery; men's neckwear; women's scarves; men's suits, sport-coats, dress slacks, casual slacks, jackets, coats, rainwear, dress shirts, knit shirts, woven sport-shirts, |

| Trademark | Serial # | Reg. # | IC | Goods |
|---|---|---|---|---|
| | | | | sweaters, denim jeans, underwear; women's suits, blouses, overcoats, rainwear, dress slacks, denim jeans, jackets, sweaters, underwear |
| KENNETH COLE REACTION | 75100283 | 2237071 | 9 | Eyeglasses |
| KENNETH COLE REACTION | 75426573 | 2698003 | 35 | Retail store services in the fields of footwear, wearing apparel, bags, accessories and related items |
| REACTION KENNETH COLE (STYLIZED) | 75599230 | 2594660 | 35 | Retail store services featuring footwear, wearing apparel; luggage, handbags, small leather goods, business cases; eyewear; jewelry and watches; belts, scarves and neckwear; fragrances; accessories |
| REACTION KENNETH COLE (STYLIZED) | 75978961 | 2362439 | 3, 25 | Cosmetics; skin soap; bath gel; bath salts; shampoo; non-medicated hair preparations; shaving cream, shaving balm; skin lotion; face powder; deodorants and antiperspirants; fragrances, namely, perfumes, colognes and toilet water<br><br>Coats, jackets, overcoats, rainwear and topcoats, suits, blazers, shirts, slacks, dresses, sweaters, jeans, t-shirts, sweatshirts, swim wear, shorts; underwear, loungewear, lingerie, robes and pajamas; neckwear, scarves, gloves, mittens, headwear, belts; footwear, socks and hosiery |

17.    Fifteen (15) of the Reaction Registrations are incontestable pursuant to 15 U.S.C. § 1065.

18.     The Reaction Trademarks, as applied to the Goods, are inherently distinctive and strong trademarks.

19.     Because of the long, exclusive and extensive use and promotions of the Reaction Trademarks, and in light of the unsolicited media coverage and notoriety pertaining to the Goods and the Reaction Trademarks, the Reaction Trademarks have become distinctive and famous, and indicate a single source of origin of the Goods.

20.     Without the authorization or consent of Plaintiffs and after the cultivation of extensive and valuable business and goodwill in connection with the Reaction Trademarks, Defendants commenced to use, in interstate commerce, the trademark "REACTION" and "RXN" (the "Infringing Marks") in connection with women's clothing (the "Infringing Goods").

21.     Defendants have actual notice of Plaintiffs' Reaction Trademarks and Registrations.

22.     Despite recurring actual notice of Plaintiffs' Reaction Trademarks, Defendants have continued to use the Infringing Marks in connection with the Infringing Goods.

23.     Upon information and belief, Defendants were aware of Plaintiffs and Plaintiffs' licensees' use of its Reaction Trademarks in connection with the Goods at the time Defendants adopted and began to use their Infringing Marks.

24.     Upon information and belief, Defendants adopted the Infringing Marks with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the good will and public recognition associated with Plaintiffs' Reaction Trademarks and Goods and diverting sales from Plaintiffs to Defendants.

25. Defendants' Infringing Marks are confusingly similar to Plaintiffs' Reaction Trademarks in sight, sound and connotation.

26. Plaintiffs' licensees and Defendants are engaged in the business of providing similar products to the same class of customers, through the same or similar channels of trade.

27. The aforementioned acts of Defendants have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and have damaged and will continue to damage Plaintiffs' reputation in connection with the Reaction Trademarks.

## COUNT I
## TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

28. Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

29. By virtue of Defendants' conduct, Defendants have used and intend to continue to use spurious marks in connection with trafficking in the sale and distribution of the goods in interstate commerce. The Infringing Marks are identified with the Reaction Trademarks and Registrations, which in turn, are federally registered trademarks in the United States Patent and Trademark Office and are presently in use.

30. Upon information and belief, Defendants' conduct has been willful, malicious and intentional and Defendants will continue their acts of willful infringement unless enjoined by this Court.

31. The Goods sold under the Reaction Trademarks are goods which are sold, distributed and/or advertised to the same or similar classes of purchasers as Defendants' Infringing Goods. There is, therefore, as a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception, and many persons familiar with Plaintiffs' Reaction Trademarks, their reputation and favorable goodwill, are likely to buy Defendants' Infringing Goods in belief that the latter goods are sold or authorized by Plaintiffs.

32. By virtue of Defendants' conduct, Defendants are engaged in infringement of Plaintiffs' federally registered Trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114(1), by using a mark wherein such use is likely to cause confusion, or to cause mistake, or to deceive.

33. Defendants have made unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiffs have been deprived of rights and profits which otherwise would have come to Plaintiffs, but for such infringements.

34. Plaintiffs have no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

35. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs' monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to plaintiffs. Plaintiffs seek leave of this Court to amend the complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND UNFAIR COMPETITION
## PURSUANT TO LANHAM ACT § 43(a)

36. Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

37. The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they tend to mislead, deceive and confuse, and will have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their Infringing Goods are affiliated with, sponsored or controlled by Plaintiffs. As a consequence, Defendants have traded upon, and gained public acceptance and other benefits from Plaintiffs' favorable reputations, which have accordingly been placed at risk by Defendants' illegal acts and conduct.

38. The acts of Defendants constitute trademark infringement, and the use of a false designation of origin, a false representation, and unfair competition, by inducing the erroneous belief that Defendants and/or the Infringing Goods are in some manner affiliated with, originate from, or are sponsored by Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' goods, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

39. The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused Plaintiffs to suffer monetary damage in an amount thus far not determined.

40. Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

41.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs' monetary damages caused by Defendants' wrongful conducts, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to plaintiffs. Plaintiffs seek leave of this Court to amend the complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

**COUNT III**
**TRADEMARK INFRINGEMENT AND DILUTION**
**AND DECEPTIVE ACTS AND PRACTICES**
**PURSUANT TO N.Y. GEN. BUS. LAW § 349**

42.    Plaintiffs repeat and reallege each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

43.    The foregoing acts of Defendants constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of New York Gen. Bus. Law § 349, for which Plaintiffs are entitled to injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees, and costs.

44.    The forgoing acts of Defendants will create a likelihood of injury to the public image and business reputation of Plaintiffs, in that the public will likely associate Defendants' Infringing Marks and Infringing Goods with Plaintiffs' Reaction Marks and the Goods of their licensees, and cause the dilution of the distinctive quality of Plaintiffs' Reaction Marks, in violation of New York Gen. Bus. Law § 360-l, for which Plaintiffs are entitled to injunctive relief.

## COUNT IV
## TRADEMARK INFRINGEMENT AND DILUTION
## AND DECEPTIVE ACTS AND PRACTICES
## PURSUAN TO N.Y. GEN. BUS. LAW § 133

45.  Plaintiffs repeat and reallege each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

46.  Defendants, with the intent to deceive and misled the public, have adopted and are using the REACTION name and designation as their corporate name, assumed name, and or trade name.

47.  By incorporating REACTION into their corporate, assumed, and/or trade names, Defendants have used Plaintiffs' REACTION Mark for the purposes of advertising and with the intent to deceive the purchasing public that Defendants are affiliates of Plaintiffs.

48.  The foregoing acts of Defendants constitute a violation of New York Gen. Bus. Law § 133, for which Plaintiffs are entitled to injunctive relief.

## COUNT V
## COMMON LAW INFRINGEMENT,
## UNFAIR COMPETITION AND INTERFERENCE

49.  Plaintiffs repeat and reallege each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

50.  The acts of Defendants and Defendants' use of the Infringing Marks constitute trademark infringement, in violation of the common law of the State of New York.

51.  Upon information and belief, Defendants have intentionally appropriated Plaintiffs' Reaction Marks with the intent of causing confusion, mistake and deception as to the source of its Infringing Goods with the intent to palm-off its Infringing Goods as those of

12

Plaintiffs and its licensees, and as such, Defendants have committed unfair competition in violation of the common law of the State of New York.

52. The foregoing acts of Defendants have injured and will continue to injure Plaintiffs, by depriving them of royalties associated with the sale of genuine Goods, by injuring their business reputations, and by passing off Defendants' Infringing Goods as genuine Goods, all in violation of the common law of the State of New York.

53. Defendants' acts have caused irreparable harm and damage to Plaintiffs and have caused Plaintiffs monetary damage in an amount thus far not determined, for which Plaintiffs are entitled to actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

54. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A. That Defendants' conduct infringes Plaintiffs' federally registered Trademarks, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B. That Defendants' conduct serves to infringe Plaintiffs' Trademarks, falsely designate the origin of Defendants' goods, falsely describe such goods, and unfairly compete with Plaintiffs, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

C. That Defendants' conduct violates the provisions of New York Gen. Bus. Law § 349, 360-l, and 133 and constitutes trademark infringement, trademark dilution, and unfair competition under the common law of the State of New York.

D. That Defendants and their agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

    i. Using Plaintiffs' Reaction Trademarks, or any other marks which are similar to or are colorable imitations of Plaintiffs' Reaction Trademarks, alone or as a part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

    ii. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' goods; or

    iii. Otherwise unfairly competing with Plaintiffs or committing dilution or infringement of Plaintiffs' rights.

E. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiffs, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

F. That the Court award judgment in favor of Plaintiffs for the damages sustained by Plaintiffs and the profits made by Defendants as a result of Defendants' wrongful conduct.

G. That the Court award judgment in favor of Plaintiffs in the amount of treble damages.

  H. That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees and disbursements.

  I. That the Court award to Plaintiffs punitive damages sufficient to deter Defendants from committing acts of infringement in the future.

  J. That this Court require a full and complete accounting of all monies received by Defendants as a result of the sale of the Infringing Goods.

  K. For interest on all amounts found to be due to Plaintiffs from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

  L. That the Court require Defendants to notify his commercial associates, suppliers and customers of said Order.

  M. That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

N.  That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

Dated: Scarsdale, New York
       June 6, 2008

Respectfully submitted,

**LACKENBACH SIEGEL LLP**

By: _____
    Howard N. Aronson (HA 6743)
    Robert B. Golden (RG 6157)
    Attorneys for Plaintiff
    Lackenbach Siegel Building
    One Chase Road
    Scarsdale, New York 10583
    (914) 723-4300
    (914) 723-4301 (fax)

O:\1 Documents\Kenneth Cole Productions, Inc\2008\Nicole\Reaction\Complaint- Registered Trademark 06.06.doc