## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
KENNETH COLE PRODUCTIONS (LIC), INC.           :
and KENNETH COLE PRODUCTIONS, INC.             :
                                               :    Case No. 08-cv-5218-
       Plaintiffs,                             :    AKH
                                               :
            v.                                 :    ECF CASE
                                               :
REACTION and MATTHEW CHO,                      :
                                               :
       Defendants.                             :
------------------------------------------------------------  X
```

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, based upon the accompanying memorandum of

law, supporting Declarations of Robert Golden and Stephen Ward, and exhibits thereto,

Plaintiffs Kenneth Cole Productions (LIC), Inc. and Kenneth Cole Productions, Inc.

("Plaintiffs") will move this Court, before Judge Alvin K. Hellerstein, United States

District Judge, at a time and date determined by the Court, for an order holding

Defendants Reaction and Matthew Cho ("Defendants") in contempt of the Consent

Judgment, Order, Permanent Injunction (the "Injunction") entered by this Court on

August 5, 2008.

More particularly, Plaintiffs will move this Court for an Order holding Defendants

in contempt for violating Paragraphs 3 and 4 of the Injunction, which provide in pertinent

part:

> 3.     Defendants and their agents, officers, directors, servants,
> employees, their successors and assignees, and all others in active
> concert or participation with Defendants, including resellers and
> retailers of Defendants' Infringing Goods [terms with initial
> capitals are defined earlier in the Injunction] immediately and
> permanently enjoined from directly or indirectly:

A.  Using Plaintiffs' Trademarks, the Infringing Trademarks, or any other marks or dresses which are similar to or are colorable imitations of Plaintiffs' Trademarks, alone or as a part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design, in connection with the sale, offering for sale, advertising, exhibiting at trade or similar shows, distributing or promoting of Goods, all products related to the Goods, and/or any business engaged in the manufacture, importation, distribution, offer for sale, advertisement, promotion, and/or sale of Goods; . . . .

4.  Defendants are further Ordered to:

A.  Immediately deliver to Plaintiffs, under oath and for destruction, all clothing, labels, packaging, wrappers, receptacles, containers, advertisements, promotional materials, printing devices, molds, business forms, catalogs, price sheets and/or all of the things in the possession, custody, or control of Defendants, which are or can be used to create and/or display the Infringing Marks and/or any name, mark or dress which is similar to and/or a colorable imitation of Plaintiffs' Trademarks, alone or together with any other suffix, prefix, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design in connection with the manufacture, distribution, sale, offer for sale, advertisement or promotion of Defendants' clothing products and/or any clothing or footwear products related thereto; . . .

D.  Immediately notify each of their past and present commercial associates, suppliers and customers, including manufacturers, wholesalers, and retailers, of this Consent Judgment, Order, and Permanent Injunction; and provide Defendants with copies of such notifications; and

E.  Immediately provide Plaintiffs with an accounting of all commercial associates, suppliers and customers, including manufacturers, wholesalers, and retailers, to whom products bearing the Reaction Trademarks were sold or who otherwise played any role whatsoever in such products, including quantities, dates of sale or other involvement, and contact details; . . . .

The evidence Plaintiffs shall rely upon is set forth in more detail in the accompanying memorandum of law, declarations, and exhibits, most particularly the Declaration of Stephen G. Ward, which clearly establishes that Defendants continue to: (1) display and offer for sale in their store clothing items that bear "RXN" labels sewn on the inside of the garments and "REACTION" tags attached to the outside of the garments; (2) promote the sale of presumably infringing goods at the website www.fashiongo.net/reaction on it, with the email address, reaction@fashiongo.net; (3) promote and presumably use the reactionwear@hotmail.com and reaction@fashiongo.net email addresses; (4) offer for sale and sell REACTION and/or RXN branded goods via the website www.trendbytes.com; (5) display a large "REACTION" sign above the entrance door to their store; (6) display four large "REACTION" signs on the front glass window panels of their store; and (7) retain and distribute business cards that bear the "REACTION" trademark in large letters, and that Defendants failed to provide the information required by paragraph 4E of the Injunction.

As sanctions and damages for Defendants' violations of the Injunction, Plaintiffs seek the following: an Order directing the U.S. Marshalls to seize all goods and materials bearing the infringing trademarks and all documents and records relating to the purchase and sale of the infringing goods; an award of damages in the amount of Defendants' profits derived from the sale of infringing goods, as to be determined by a review of the records; and an award of all fees and costs, including without limitation attorneys fees, investigative fees, and the like, incurred by Plaintiffs in connection with these contempt proceedings.

Pursuant to Local Rule 6.1(b)(2), unless otherwise ordered by the Court, Defendants' opposing papers if any shall be due on or before ten days from the date of service of the Motion and Plaintiffs' reply papers, if any, shall be due on or before 5 days from the date of service of Defendants' opposition papers.

Dated: Scarsdale, New York
      August 29, 2008

Respectfully submitted,

**LACKENBACH SIEGEL LLP**

By: _____
      Robert B. Golden (RG 6157)
      Attorneys for Plaintiffs
      One Chase Road
      Scarsdale, New York 10583
      (914) 723-4300
      (914) 723-4301 (fax)